James Delmore **DEATON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 73–1249.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1973.

Decided June 29, 1973.

---

James D. Deaton, pro se.

W. H. Dillahunty, U. S. Atty., and John F. Forster, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before CLARK,* Associate Justice; HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

James Delmore Deaton filed a petition with the district court to vacate a conviction entered on an alleged coerced guilty plea 21 years earlier. Chief Judge Smith Henley denied relief and Deaton brought this appeal. We affirm.

The late Judge Thomas C. Trimble sentenced Deaton in 1951, under provisions of the Federal Juvenile Delinquency Act,[1] 18 U.S.C. § 5031 et seq., to a term of imprisonment for three years.

Deaton, then 17 years of age, was represented by court-appointed counsel. Deaton was paroled in a year but within two weeks was again arrested and charged with armed robbery. He has since pursued a career of crime and has been convicted on several occasions and sentenced to imprisonment for a number of years.

In an affidavit attached to his petition, Deaton states:

I, James Delmore Deaton, the affiant herein, Deposes and says that my attorney of record (name is uncertain) in 1951 before I pleaded to the offence forwhich I was convicted in the United States Dist. Court at Little Rock Arkansas, Did tell me "I have talked to the U. S. Probation officer and he and I talked with the Judge, and Since this is your first offence, if you'll plead guilty under the Juvanile Act, you will be given a probated sentence.

I plead to the charge and was sentenced to three years.

\* \* \* \* \* \*

[Errors in original.]

All principal witnesses to the events here in question except Deaton are now dead, i. e., Judge Trimble, the prosecutor, the defendant's attorney, the probation officer, and the court reporter.

The district court considered Deaton's belated petition as one seeking coram nobis relief. The court recognized that adverse consequences flow from this early conviction notwithstanding that the sentence had been served. It noted, however, that a hearing would not be helpful since one might assume that Deaton would testify in conformity with his statements made and attached to his petition, and that no witnesses would be available to the government. The court concluded that in light of the lapse of time and absence of protest over 21 years, petitioner's word was insufficient to require the extraordinary relief of coram nobis.

---

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by designation.

1. The information filed under the Act charged Deaton with the unlawful interstate transportation of a stolen vehicle.

The record negates allegations of coercion in Deaton's plea. On November 5, 1951, the date of sentencing, the petitioner signed a written consent to proceedings against him as a juvenile delinquent. *See* 18 U.S.C. §§ 5032, 5033. As a juvenile delinquent, Deaton qualified for lenient treatment as an offender including opportunity for parole at any time upon a showing of reform. *See* 18 U.S.C. § 5037.

The Supreme Court has held that guilty pleas made with the assistance of competent counsel shall not be lightly overturned. Brady v. United States, 397 U.S. 742, 758, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); McMann v. Richardson, 397 U.S. 759, 770–771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Parker v. North Carolina, 397 U.S. 790, 797–798, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). We follow that principle here in affirming the district court.